UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDDIE JAMES ALFORD,

    Petitioner,

vs.    Case No. 3:10-cv-967-J-37JRK

SECRETARY, DOC, et al.,

    Respondents.

## ORDER

Petitioner Eddie James Alford filed a *pro se* Petition for Writ of Habeas Corpus (Petition) (Doc. #1) pursuant to 28 U.S.C. § 2254 on October 14, 2010 pursuant to the mailbox rule. It challenges a 2009 state court (Duval County) conviction for attempted burglary of a dwelling. One ground for habeas relief is raised. Respondents filed an Answer in Response to Order to Show Cause (Response) (Doc. #18)[1] with Exhibits (Ex.).[2] Petitioner filed Petitioner's Response to Order to Show Cause (Doc. #21), notifying the Court that he did not intend to file a reply to the Response. See Order to Show Cause and Notice to Petitioner (Doc. #5). No evidentiary proceedings are required in this Court.

---

[1] Respondents calculate the Petition is timely, Response at 13, and the Court accepts this calculation.

[2] The Court hereinafter refers to the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the page number on the particular document will be referenced.

**STANDARD OF REVIEW**

The Court will analyze Petitioner's claim under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to the factual determinations of both trial and appellate courts. See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

**EXHAUSTION**

Petitioner claims his counsel was ineffective for failing to attack the sufficiency of the evidence for the charge of burglary of a dwelling and for conceding Petitioner's guilt and coercing him to enter a plea to the lesser included offense of attempted burglary. He claims this was done although the state never established the essential element of intent to commit the offense of burglary, and the evidence only supported his intent to commit a theft of metal on the building - not to commit a burglary. Respondents concede that Petitioner exhausted his state court remedies. Response at 17.

**PROCEDURAL HISTORY**

Upon review of the record, the following transpired. Petitioner was charged by Information with burglary of a dwelling. Ex. C. The Arrest and Booking Report references "Burglary/Curtilage of Dwelling - Theft of $300 or Greater." Ex.

B at 1.  The Arrest and Booking Report, in pertinent part, contains the following description:

> On 06/09/08 at approx. 1235, I was dispatched to 1810 E. 23rd St. in reference to a theft. The dispatch further described the Suspect was behind a vacant residence stealing aluminium.
>
> Upon arrival, Officer F.A. Smith #6464 and I could hear banging noises which appeared to be coming from behind the residence. There were two "For Sale' signs displayed on the front gate. We entered the secured perimeter fence and discovered the listed Suspect pulling on the residence's aluminium screened in porch framework. He had several wrenches exposed from his pockets. I took the Suspect into custody and he kept saying "What? Im just the scrapman" and "this ain't hurtin [sic] nothing". He also stated "what are you charging me with Trespassing?" I read the Suspect his Miranda Warning via card. The Suspect stated that he did not know the owner but just wanted the scrap metal.
>
> I observed the residence's rear doors were ajar. The rear burglar bar door and rear sliding glass door with pry marks where the Suspect had pried them open to gain entry into the residence. Once inside, there was a sheet nailed to a bedroom wall that was underneath a window (westside of the residence). Directly underneath that window were two concrete blocks stacked. This window did not have burglar bars like the others. Officer Smith conducted the neighborhood canvass with the following results:
>
> Ms. Larry (NHC#1) stated that she observed the rear patio had been knocked down sometime last week but did not see anything. Ms. Zellers (NHC #2) stated that she heard noises but was afraid to look.
>
> I transported the Suspect to the Burglary division at the P.M.B. 501 E. Bay St. where he was interviewed by Det. C.D. McClain #6062.

> The Suspect completed a Constitutional Rights
> form. The suspect confessed to removing the
> screened in patio from the home for scrap.
>
> The suspect was transported and booked PTDF.

Id. at 2.

The Information, dated June 26, 2008, states:

> Eddie James Alford on June 9, 2008, in the County of Duval and the State of Florida, did unlawfully enter or remain in a structure, to wit: a dwelling, the property of Jax Bargain Carpet, Inc., with the intent to commit an offense therein, to-wit: A theft, contrary to the provisions of Section 810.02(3)(b), Florida Statutes.

Ex. C.

The state provided Notice of Intent to Classify Defendant as an Habitual Felony Offender. Ex. D. The state also provided Notice of Intent to Classify Defendant as a Prison Release Re-Offender. Ex. E. Laura Gapske represented Petitioner. Ex. K at 2. On February 5, 2009, Petitioner and his counsel signed a Plea of Guilty and Negotiated Sentence form. Ex. F. In short, the form states that Petitioner is pleading guilty to attempted burglary, a third degree felony, and agreeing to a sentence of five years in prison as a prison releasee re-offender, with credit for time served. Id. at 1. It also notes that the court will be assessing costs and fines, but reserving jurisdiction to determine restitution. Id.

At the plea proceeding on February 5, 2009, Ms. Gapske announced the following: "Judge, Mr. Alford would like to accept

the state's offer of five years PRR for reduction to a third-degree felony." Ex. K at 3. The court denied Petitioner's request for release on his own recognizance, bond reduction, and some time to spend with his family. Id. at 3-7. After Petitioner conferred with counsel, defense counsel announced that Petitioner "would like to go forward with the plea agreement of the five years and the reduction of the charge." Id. at 7.

The court asked if Petitioner was pleading guilty to the lesser-included offense of attempted burglary to a dwelling, and counsel responded affirmatively. Id. The state announced that the victim agreed with the disposition of the case, but requested reservation on the restitution issue. Id. at 8. The court agreed to reserve the restitution determination for sixty days. Id. The state recommended a sentence of five years as a prison releasee reoffender. Id. The state withdrew the habitual felony offender notice, and relied on the prison releasee reoffender notice. Id. at 8-9.

Petitioner was duly sworn and a plea colloquy was conducted. Id. at 9. The court asked Petitioner if he entered the plea with full knowledge and consent, and he responded affirmatively. Id. at 9-10. The court asked Petitioner if this was what Ms. Gapske wanted him to do or if it was what he wanted to do, and Petitioner responded it was what he wanted to do. Id. at 10. The court asked if Petitioner understood that the maximum penalty on the charge to

which he was pleading would be five years in prison, and Petitioner responded affirmatively. Id.

At that point, the court informed Petitioner of his right to trial and advised him what he would be giving up by pleading guilty. Id. at 10-12. Petitioner confirmed that he understood all of the rights. Id. at 12. Petitioner stated that other than the agreement announced, nothing else was promised. Id. at 13. He confirmed that he was not threatened, intimidated, or coerced into entering the plea. Id. Petitioner responded affirmatively that he had enough time to discuss the facts and circumstances of his case with counsel, including any possible defenses. Id. He confirmed that she had answered his questions. Id. He denied that there were any motions that he wanted counsel to file before entering his plea. Id. Petitioner denied there being any witnesses he wanted counsel to investigate. Id. Petitioner stated he was satisfied with counsel's representation. Id. Finally, Petitioner admitted that he did commit the lesser included offense. Id. at 14.

The state presented the factual basis for the plea:

> On June 29th, 2008, Eddie James Alford in Duval County, Florida, did unlawfully enter or remain in a structure, a dwelling belonging to Jax Bargain Carpet, Incorporated, with the intent to commit the offense of theft, contrary to the provisions of Florida Statute 810.02(3)(B), Florida Statutes.

Id. at 14. There were no exceptions or objections to the facts recited by the state. Id. at 14-15.

Petitioner confirmed that he was pleading guilty to the incident described by the state. Id. at 15. The court found there was a factual basis for the plea. Id. The court inquired as to whether Petitioner could read and write, and whether he had an opportunity to read and go over the plea agreement form. Id. at 16. Petitioner responded affirmatively. Id. Petitioner confirmed that he understood the form, it was true and correct, and he signed it. Id. Petitioner stated he was not under the influence of drugs, alcohol, and narcotics, and he stated he had not been diagnosed with a mental illness. Id.

After completing this thorough inquiry, the court asked Petitioner if he still wished to plead guilty. Id. at 17. Petitioner responded affirmatively. Id. With that, the trial court said: "Let the record reflect that I find that Mr. Alford has entered his plea freely, intelligently, and voluntarily with a full and complete understanding of the nature of the offense, the maximum sentence, and the consequences of his plea." Id. Petitioner was adjudicated guilty of the lesser-included offense of attempted burglary to a dwelling and sentenced to five years as a prison releasee reoffender. Id. at 19-20. The court entered Judgment and Sentence on February 5, 2009. Ex. I. No direct appeal was taken. Petition at 2; Response at 3.

On November 11, 2009, pursuant to the mailbox rule, Petitioner filed a Rule 3.850 motion in the trial court. Ex. L at 1-10. Petitioner filed a second Rule 3.850 motion on November 19, 2009,

pursuant to the mailbox rule. Id. at 11-16. In his second Rule 3.850 motion, Petitioner claimed his counsel was ineffective for failing to attack the sufficiency of the evidence for the charge of burglary, and claimed counsel coerced him into entering a plea to the lesser included offense of attempted burglary. Id. The trial court, in an order filed March 26, 2010, dismissed the first Rule 3.850 motion and denied the second Rule 3.850 motion. Id. at 17-21. Petitioner moved for rehearing, id. at 22-31, and on April 30, 2010, the circuit court denied rehearing. Id. at 32. Petitioner appealed, id. at 33, and the First District Court of Appeal per curiam affirmed on August 11, 2010. Ex. M. The mandate issued on September 8, 2010. Ex. N.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Ground One**

The first ground of the Petition is: "[c]ounsel failed to attack the sufficiency of evidence of the State's information that alleged burglary of a dwelling, but conceded to his client's guilt and coerced Petitioner into entering a plea to the lesser-included offense of burglary of a dwelling which was attempted burglary of a dwelling." Petition at 6. In this ground, Petitioner raises a Sixth Amendment claim asserting he received ineffective assistance of trial counsel. In evaluating the performance prong of the Strickland ineffectiveness inquiry, the Court recognizes that there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or

- 9 -

omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (citations omitted).

The trial court denied the claim of ineffective assistance of trial counsel raised in the second Rule 3.850 motion. Ex. L at 17-21. First, the court noted that an extensive plea colloquy was conducted prior to the plea being accepted. <u>Id</u>. at 17-18. Next, the court referenced the pertinent portions of the plea colloquy. <u>Id</u>. at 18-20. Finally, in denying post conviction relief, the court said:

> A Defendant cannot refute his own sworn testimony given in open court in a post conviction motion. <u>Stano v. State</u>, 520 So.2d 278 (Fla. 1988); <u>Dean v. State</u>, 580 So.2d 808 (3d DCA Fla. 1991); <u>Bir v. State</u>, 493 So.2d 55 (1DCA Fla. 1986).
>
> The defendant further cannot claim that he committed perjury during his plea colloquy based on the advice of counsel. <u>See</u>, <u>Iacono v. State</u>, 930 So.2d 829 (4DCA Fla. 2006).

<u>Id</u>. at 21.

Petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. With regard to the original charge of burglary to a dwelling, Petitioner was facing a possible fifteen-year sentence as a prison

- 10 -

releasee reoffender or a possible thirty-year sentence as an habitual felony offender. Ex. J. Petitioner confirmed that he understood that the maximum penalty on the lesser-included offense would be five years in prison. Ex. K at 10. During the plea colloquy Petitioner admitted that pre-plea, he and his defense counsel discussed the case against him. Id. at 13. Petitioner confirmed that other than what was announced in open court, no promises were made and he had not been threatened, intimidated or coerced into entering the plea. Id. at 12-13. Petitioner told the court that he had had enough time to discuss with counsel all of the possible defenses he might have to the charge. Id. at 13. He also responded affirmatively that counsel answered his questions, and he admitted his satisfaction with counsel's representation. Id. When the state provided its factual basis for the plea, no objections or exceptions were made. Id. at 14-15.

Even assuming deficient performance, Petitioner has not shown prejudice, as Petitioner was facing substantial time.[3] Thus, Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided. Accordingly, Petitioner's ineffectiveness

---

[3] The police arrested Petitioner at the scene of the crime, physically removing the "residence's aluminium screened in porch framework." Ex. B at 2.

claim is without merit since he has neither shown deficient performance nor resulting prejudice.

Petitioner is not entitled to relief on ground one of the Petition, the claim of ineffective assistance of trial counsel.[4] Deference, under AEDPA, should be given to the state courts' decisions. Petitioner raised the issue in his second Rule 3.850 motion, the trial court denied the motion, and the appellate court affirmed. The state courts' adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.

**CERTIFICATE OF APPEALABILITY**

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. <u>See</u> Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S.

---

[4] Petitioner waived any claims regarding the merits of his defense or prosecution when he entered his plea.

322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED,** and this action is **DISMISSED WITH PREJUDICE.**

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions

report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of October, 2013.

ROY B. DALTON, JR.
United States District Judge

sa 10/1
c:
Eddie James Alford
Counsel of Record